IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID KRAMER, Individually, and as the President and Sole Owner of CERTIFIED CAR SALES, LLC, a Missouri Limited Liability Company,<br>　　　　　　　　　　Plaintiffs,<br>　v.<br><br>SHERIFF'S DEPUTY STEVEN STELTER; Individually and as a Deputy of the DuPage County Sheriff's Office; JOHN P. CREEDON, Individually and as Director of the Tri-County Auto Theft Unit; MICHAEL J. COLANDO, deceased, Individually and as a member of PUGI KIA, LLC and as the President and sole owner of D & M AUTO SALES, INC.; DOMINIC L. PUGLIANI, Individually, and as a member of PUGI KIA, LLC; LARRY M. HALL, Individually and as a Manager of PUGI KIA, LLC; ANTHONY J. COLANDO, Jr. Individually and as a Manager of PUGI KIA, LLC; ANTHONY J. COLANDO, Sr., not individually but as named executor in his capacity as executor of the estate of MICHAEL J. COLANDO, *deceased*; DOMINIC MANCINI, Individually and as an attorney; PUGI KIA, LLC; D & M AUTO SALES, INC.; KIA MOTORS AMERICA, INC.; VW CREDIT, INC.,<br>　　　　　　　　　　Defendants. | Case No.  08 CV 2530<br><br>Honorable Ruben Castillo<br>District Judge<br><br><br>Honorable Arlander Keys<br>Magistrate Judge |

## **PLAINTIFF'S MOTION FOR SERVICE OF PROCESS BY UNITED STATES MARSHAL**

NOW COMES the Plaintiffs, DAVID KRAMER, Individually, and as the Sole Owner of

CERTIFIED CAR SALES, LLC, by and through their attorneys, STEPHEN M. KOMIE of

KOMIE AND ASSOCIATES, and moves this Honorable Court pursuant to Federal Rule of Civil Procedure 4(a)(2) for service of process by the United States Marshal for the Northern District of Illinois.  In support thereof, Plaintiffs state as follows:

1. That on May 2, 2008 the instant RICO case was filed with the Clerk of the United States District Court for the Northern District of Illinois.

2. That pursuant to Federal Rule of Civil Procedure 4(a)(2) the Plaintiff placed process to be served by a licensed special process server, Paralegal Services.  All process was placed for service.

3. That the special process server, Paralegal Services, served Anthony J. Colando, not individually but as Executor of the Estate of Michael J. Colando, Deceased; Larry M. Hall, individually and as a Manager of Pugi Kia, LLC; Kia Motors America, Inc. by serving its registered agent CT Corporation Systems; Pugi Kia, LLC by serving Anthony J. Colando, not individually, but as Executor of the Estate of Michael J. Colando, deceased and registered agent for Pugi Kia, LLC; D & M Auto Sales by serving Anthony J. Colando, not individually, but as Executor of the Estate of Michael J. Colando, deceased and registered agent for D & M Auto Sales, Inc.; Dominic Mancini, individually and as attorney for Pugi Kia, LLC; and VW Credit Inc. by serving its registered agent CT Corporation System.

4. That on Thursday, May 15, 2008 at 8:30 p.m., an employee of Paralegal Services attempted to serve a summons from the United States District Court for the Northen District of Illinois together with the Complaint in the case at bench upon Dominic L.

    Pugliani, individually and as a Member and Manager of Pugi Kia, LLC at 506 Forest Mews Drive, Oakbrook, Illinois 60523.

5. That the Plaintiffs are informed that upon arriving at the Defendant's residence and attempting to serve the process authorized by law on Defendant Pugliani, a male at the residence came to the door, pulled out a gun, pointed it at an unarmed Paralegal Services employee, and said, "I'm not kidding." This act placed the process server in fear of his life causing him to turn and run without affecting service upon a man pointing a gun at him.

6. That Paralegal Services has refused to serve process of this court for the remaining defendants for fear of the safety of its employees.

7. That the Plaintiffs pursuant to law must to serve their summons upon the defendants.

8. That no private process service organization will undertake to serve an armed defendant.

9. That Federal Rule of Civil Procedure 4 provides for the service of process by the U.S. Marshal when the plaintiff shows good cause to request the court to direct the U.S. Marshal to make service. Plaintiffs believe pointing a gun at an unarmed special process server is sufficient cause to authorize the court to direct the U.S. Marshal's Service to serve the Summons and Complaint on the remaining defendants.

WHEREFORE, for the foregoing reasons, the Plaintiffs, DAVID KRAMER and CERTIFIED CAR SALES, LLC, respectfully prays for an order of this Court directing the United States Marshal to serve the remaining defendants in the case at bench.

                        Respectfully submitted,

                        DAVID KRAMER, individually and
                        As President and Sole Owner of
                        CERTIFIED CAR SALES, LLC, Plaintiffs
                        By and through his attorneys
                        KOMIE AND ASSOCIATES

By:   /s/ Stephen M. Komie
      Attorney for Plaintiff

Stephen M. Komie
Komie and Associates
One North LaSalle Street, 42nd Flr.
Chicago, IL 60602
tel.(312) 263-2800

STATE OF ILLINOIS            )
                             ) ss.
COUNTY OF COOK               )

## AFFIDAVIT

I, JEANNIE F. GALLUCCI, first being duly deposed and sworn, states the following:

1. That your affiant is of legal age, sound mind and under no legal disability.

2. That your affiant is an attorney licensed to practice law by the Supreme Court of Illinois.

3. That your affiant had a telephone conversation with Mr. Tony Ortalano, owner and operator of Paralegal Services.

4. That Mr. Ortalano informed your affiant that upon arriving at the Defendant's residence and attempting to serve the process authorized by law on Defendant Pugliani, a male at the residence came to the door, pulled out a gun, pointed it at an unarmed Paralegal Services employee, and said, "I'm not kidding."  This act placed the process server in fear of his life causing him to turn and run without affecting service upon a man pointing a gun at him.

5. That Mr. Ortalano, owner and operator of Paralegal Services, refused to serve process of this court for the remaining defendants for fear of the safety of his employees.

6. That the foregoing motion accurate reflects the facts as were told to your affiant by Tony Ortalano.

7. Further, your affiant sayeth naught.

5

_____
JEANNIE F. GALLUCCI

Subscribed and Sworn to before
me this \_\_\_\_ day of May, 2008.


_____
     NOTARY PUBLIC