UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID KRAMER, Individually, and as the President and Sole Owner of CERTIFIED CAR SALES, LLC., a Missouri Limited Liability Company,<br>                 Plaintiff,<br>v.<br><br>SHERIFF'S DEPUTY STEVEN STELTER; Individually and as a Deputy of the DuPage County Sheriff's Office; JOHN P. CREEDON, Individually and as Director of the Tri-County Auto Theft Unit; MICHAEL J. COLANDO, deceased, Individually and as a member of the PUGI KIA, LLC and as the President and sole owner of D&M AUTO SALES, INC.; DOMINIC A. PUGLIANI, Individually, and as a member of the PUGI KIA, LLC; LARRY M. HALL, Individually, and as a Manager of the PUGI KIA, LLC.; ANTHONY J. COLANDO, Jr., Individually, and as a Manager of the PUGI KIA, LLC; ANTHONY J. COLANDO, Sr., not individually, but as named executor in his capacity as executor of the estate of MICHAEL J. COLANDO, *deceased*; DOMINIC MANCINI, Individually and as an attorney; PUGI KIA, LLC; D & M AUTO SALES, INC.; KIA MOTORS AMERICA, INC.; VW CREDIT, INC.,<br>                 Defendants. | Case No.  08 CV 2530<br><br>Judge Castillo<br>Magistrate Judge Keys |

### DEFENDANTS ANTHONY J. COLANDO, SR. AND D & M AUTO SALES INC.'S MOTION TO DISMISS VERIFIED COMPLAINT AT LAW

Defendants ANTHONY J. COLANDO, SR., not individually but as named executor of the estate of MICHAEL J. COLANDO, and D & M AUTO SALES, INC., by their attorneys JAMES J. ROCHE & ASSOCIATES, respectfully move this Court to Dismiss the Verified Complaint at Law.  In support of their Motion, the above named Defendants state as follows:

## INTRODUCTION

Plaintiff DAVID KRAMER and CERTIFIED CAR SALES, INC. bring this action against numerous defendants, alleging wire fraud, fraudulent presentation of financial statements, fraudulent presentation of inventory statements, mail fraud, deprivation of civil rights, RICO violations and numerous state court claims.

Defendant D&M AUTO SALES, INC. is a corporation in the business of selling and buying new and used cars. Complaint ¶ 11. D&M was wholly owned by Defendant Michael J. Colando, now deceased. Complaint ¶ 11. Michael Colando was also an owner and manager of Pugi Kia, LLC. Complaint ¶ 9. Defendant ANTHONY J. COLANDO, Sr. is sued in his capacity as the Executor of the Estate of Michael J. Colando. Complaint ¶ 8.

Plaintiffs allege that D&M and other defendants are liable for wire fraud, fraudulent presentation of financial statements under 18 U.S.C. § 1343 (Count I), fraudulent presentation of inventory statements (Counts II, III, IV), mail and wire fraud under 18 U.S.C. § 1341, 1343 (Counts V, VI, VII, VIII, IX, X), RICO violations under 18 U.S.C. § 1962 (Counts XIII, XIV), fraudulent misrepresentation (XV, XVI, XVIII, XX, XXV, XXX, XXXV, XL) breach of contract (Count XVII, XIX, XXIII, XXVIII, XXXIII, XXXVIII, XLIII, XLV), conversion (Counts XXI, XXVI, XXXI, XXXVI, XLI), tortious interference with business expectancy (Count XXII, XVII, XXXII, XXXVII, XLII), and promissory estoppel (Count XXIV, XXIX, XXXIV, XXXIX, XLIV).

Plaintiff states in the Verified Complaint at Law that Plaintiff Kramer was interested in acquiring an auto dealership and contacted Michael Colando, now deceased, regarding Pugi Kia's availability. Complaint ¶ 21, 22. Kramer and Colando met in September of 2005 to

discuss the sale of Pugi Kia, and visited the dealership and well as D&M.  Complaint ¶ 23.  Plaintiff then took actions necessary to effectuate the purchase of Pugi Kia.  Complaint ¶ 25.  Plaintiff does not allege that he intended to, or did in fact purchase any assets of the D&M dealership.  Plaintiff was provided with an inventory listing all cars owned by Pugi Kia.  Complaint ¶ 30-32.  Plaintiff does not allege that Pugi Kia's inventory was provided by D&M.  Plaintiff alleges that he agreed to lend money to Pugi Kia in exchange for a trust receipt.  Complaint ¶ 41-51.  Plaintiff also agreed to place cars on Pugi Kia's lot on consignment.  Complaint ¶ 51, 73, 85, 98.  Plaintiff does not allege that he placed any cars on consignment with D&M.

Anthony J. Colando, Sr. is sued only in his capacity as the executor, and no allegations are made against him in his personal capacity.

### RULE 12(b)(6) MOTION TO DISMISS D& M AUTO SALES, INC.

Defendant D&M Auto Sales, Inc. brings this Motion pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for the failure to state a cause of action upon which relief can be granted.  Dismissal for failure to state a claim upon which relief can be granted is appropriate where a review of the complaint, taking all factual allegations in the complaint as true, reveals that no viable cause of action exists.  *Beam v. IPCO Corp.,* 838 F.2d 242 at 244 (7th Cir. 1988).

Plaintiff has failed to allege any facts which would entitle him to relief against D&M Auto Sales, Inc.  Plaintiff does not suggest in the Complaint that D&M was involved in the sale or purchase of the Pugi Kia dealership, or that it provided any financial information to plaintiff regarding the status of the Kia dealership.  Plaintiff does not claim that he personally or through Certified Car Sales placed any of the cars owned by the plaintiff on D&M lots, or that D&M

borrowed money from the plaintiff.

Plaintiff makes various allegations listed above against Michael Colando, owner of D&M and part owner of Pugi Kia. Plaintiff makes the same allegations against Pugi Kia and D&M, without alleging any facts which would indicate how D&M is liable for any of the above acts.

Even if Plaintiff is successful in proving the allegations stated in the Verified Complaint, plaintiff has not alleged enough facts to state any cause of action against D&M. D&M is a company separate and distinct from Pugi Kia, which was owned by the deceased Defendant Michael J. Colando, and that is a fact stated in the Complaint. Plaintiff never intended to purchase D&M, and there is no indication in the Complaint that plaintiff entered into any transactions with D&M. D&M's sole connection to this lawsuit is Michael J. Colando.

Plaintiff cannot bring an action against a company simply because it has a claim against its officer, in this case the deceased Michael Colando. Corporate existence can not be disregarded. A corporation is an entity separate and distinct from its stockholders, with separate and distinct rights and liabilities; and this is true even though a single individual may own all, or nearly all, of the capital stock. *In re Commonwealth & Power Co.,* 86 F.2d 474 at 479 (7th Cir. 1936). D&M is an entity separate and distinct from Pugi Kia. It was wholly owned by Michael Colando, but was not a party to any transaction giving rise to the allegation of Plaintiff's Complaint. Plaintiff does not allege any facts which would indicate otherwise. Plaintiff has not supported his claims against D&M with any facts to suggest that D&M actually benefitted from any of the alleged wrongdoing. Plaintiff has failed to state any facts which would entitle him to relief against D&M Auto Sales, Inc.**,** and therefore the Verified Complaint with respect to this Defendant should be dismissed with prejudice.

**RULE 12(b)(1) MOTION TO DISMISS ANTHONY J. COLANDO, Sr. AS EXECUTOR OF ESTATE OF MICHAEL COLANDO**

Defendant Anthony J. Colando, Sr., not individually, but as the executor of the Estate of Michael J. Colando, brings this Motion pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, for lack of subject matter jurisdiction.

Decisions of the United States Supreme Court have recognized a probate exception, kin to the domestic relations exception, to otherwise proper federal jurisdiction. *Marshall v. Marshall,* 547 U.S. 293 at 308 (2006). The probate exception to federal jurisdiction reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. *Fischer v. Hartford Life Insurance Co.,* 486 F.Supp.2d 735 (Ill.N.D.007).

The present case names Anthony J. Colando, Sr., the executor of the estate of Michael Colando, as one of the defendants. There is currently a probate proceeding pending, which involves the Estate of Michael Colando. Plaintiffs here, by naming the Executor of the Estate as a defendant, seek to place the administration of the estate in the hands of the federal court. A federal court has no jurisdiction to probate a will or administer an estate. *Dragan v. Miller,* 679 F.2d 712 at 713 (7th Cir. 1982).

Federal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate, so long as the federal court does not interfere with the probate proceedings. *Marhsall,* 547 U.S. 293 at 311. Allowing the claims of the Plaintiff to be heard by the federal court in this case will interfere with the probate

proceedings, and risks having the federal court to dispose of property in the custody of the probate court. The executor will be forced to incur costs of the defense of this lawsuit on behalf of the estate, in addition to the costs of the probate proceedings. It would be in the best interest of justice to bring the claims against the estate in the probate court. The assets of the deceased are subject to probate court's jurisdiction and adjudication. For the foregoing reasons, the claims against the executor of the Estate should be dismissed without prejudice, with leave to refile in probate court.

## CONCLUSION

Defendants D&M Auto Sales, Inc. and Anthony J. Colando, Sr. have complied with the Court's motion requirements and advised the counsel for the Plaintiff of their intention to file a motion to dismiss, as well as the grounds for the motion.

WHEREFORE, Defendants ANTHONY J. COLANDO, SR., not individually but as named executor of the estate of MICHAEL J. COLANDO, and D & M AUTO SALES, INC., respectfully request that this Court grant their Motion and dismiss the claims against them and grant such other relief as is deemed just.

Respectfully submitted,

s/ Justyna A. Ziolo

One of the attorneys for ANTHONY J. COLANDO, Sr., not individually but as named executor of the estate of MICHAEL J. COLANDO, and D & M AUTO SALES, INC.

Justyna A. Ziolo, ARDC#6280391
James J. Roche, ARDC#2359162
JAMES J. ROCHE & ASSOCIATES
642 N. Dearborn Street
Chicago, Illinois 60610
312-335-0044
312-335-9009 fax

## CERTIFICATE OF SERVICE

      I certify that on July 10th, 2008 I electronically filed Defendant ANTHONY J. COLANDO, SR., not individually but as named executor of the estate of MICHAEL J. COLANDO, and D & M AUTO SALES, INC's Motion to Dismiss Verified Complaint at Law and Notice of Motion with the Clerk of the Court for the United States District Court for the Northern District of Illinois, Eastern Division, using the CM/ECF system as to Filing Users.

                              Respectfully submitted,
                              JAMES J. ROCHE & ASSOCIATES

By:    s/ Justyna A. Ziolo
          One of the attorneys for ANTHONY J. COLANDO, SR., not individually but as named executor of the estate of MICHAEL J. COLANDO, and D & M AUTO SALES, INC.

James J. Roche # 2359162
Justyna A. Ziolo # 6280391
JAMES J. ROCHE & ASSOCIATES
642 N. Dearborn
Chicago, Illinois 60601
(312)335-0044
(312)335-9009 fax
jziolo@jjroche.net