IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVID KRAMER, individually, and as the
President and Sole Owner of CERTIFIED CAR
SALES, LLC, a Missouri Limited Liability
Company,

Case No. 1:08-cv-02530

v.

Judge Ruben Castillo

SHERIFF'S DEPUTY STEVEN STELTER,
Individually and as a Deputy of the DuPage County
Sheriff's Office; JOHN P. CREEDON, Individually
and as Director of the Tri-County Auto Theft Unit;
MICHAEL J. COLANDO, deceased, individually
and as a member of PUGI KIA, LLC and as the
President and sole owner of D&M AUTO SALES,
INC.; DOMINIC L. PUGLIANI, Individually, and
as a member of PUGI KIA, LLC; LARRY M.
HALL, Individually and as a Manager of PUGI
KIA, LLC; ANTHONY J. COLANDO, JR,
Individually and as a Manager of PUGI KIA, LLC;
ANTHONY J. COLANDO, SR, not individually,
but as named executor in his capacity as executor of
the estate of MICHAEL J. COLANDO, deceased;
DOMINIC MANCINI, Individually, and as an
attorney; PUGI, KIA, LLC; D&M AUTO SALES,
INC.; KIA MOTORS AMERICA, INC.; VW
CREDIT, INC.

Magistrate Judge Arlander Keys

## **MOTION TO DISMISS**

Kia Motors America, Inc. ("Kia"), pursuant to Rule 8 and 12(b)(6) of the Federal Rules

of Civil Procedure, respectfully moves this Court to dismiss the Verified Complaint at Law filed

by David Kramer ("Kramer"). In support of its Motion to Dismiss, Kia has filed a supporting

Memorandum.

Dated: July 11, 2008.

Respectfully submitted,

KIA MOTORS AMERICA, INC.

By:  /s/ Randall L. Oyler
        Randall L. Oyler
        Roger H. Stetson
        Brandon C. Prosansky
        Barack Ferrazzano Kirschbaum &
           Nagelberg LLP
        200 West Madison Street
        Suite 3900
        Chicago, Illinois 60606
        (312) 984-3100
        (312) 984-3150 (facsimile)

## CERTIFICATE OF SERVICE

I, Randall L. Oyler, an attorney, hereby certify that I caused a copy of the foregoing Motion to Dismiss to be served upon the following:

> Stephen M. Komie
> Komie & Associates
> One North LaSalle Street
> Suite 4200
> Chicago, Illinois  60602-5002
> (Attorney for plaintiffs – David Kramer and
> Certified Car Sales, LLC)

> Paul E. Kelly
> David L. King
> Michael K. McConville
> Kelly & King, P.C.
> 20 North Clark Street
> Suite 2900
> Chicago, Illinois  60602
> (Attorneys for defendants – Pugi Kia, LLC,
> Dominic L. Pugliano, Larry M. Hall and
> Dominic Mancini)

> James J. Roche
> Justyna A. Ziolo
> Kelly K. Kachmarik
> James J. Roche and Associates
> 642 North Dearborn Street
> Chicago, Illinois  60610
> (Attorneys for defendants – D&M Auto Sales, Inc.,
> Anthony J. Colando, Jr., and Anthony J. Colando, Sr.

> Jeffrey H. Bergman
> Richard S. Alsterda
> Ungaretti & Harris LLP
> 3500 Three First National Plaza
> Chicago, Illinois  60602
> (Attorneys for defendant – VW Credit, Inc.)

> William R. Roberts, Assistant State's Attorney
> Paul F. Bruckner, Assistant State's Attorney
> DuPage County State's Attorney's Office
> 503 North County Farm Road
> Wheaton, Illinois  60187
> (Attorneys for defendant – Steven Stelter)

by e-filing a copy to each of the above referenced individuals.

/s/ Randall L. Oyler<br>Randall L. Oyler

500888_1.DOC

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVID KRAMER, individually, and as the
President and Sole Owner of CERTIFIED CAR
SALES, LLC, a Missouri Limited Liability
Company,

v.

SHERIFF'S DEPUTY STEVEN STELTER,
Individually and as a Deputy of the DuPage County
Sheriff's Office; JOHN P. CREEDON, Individually
and as Director of the Tri-County Auto Theft Unit;
MICHAEL J. COLANDO, deceased, individually
and as a member of PUGI KIA, LLC and as the
President and sole owner of D&M AUTO SALES,
INC.; DOMINIC L. PUGLIANI, Individually, and
as a member of PUGI KIA, LLC; LARRY M.
HALL, Individually and as a Manager of PUGI
KIA, LLC; ANTHONY J. COLANDO, JR,
Individually and as a Manager of PUGI KIA, LLC;
ANTHONY J. COLANDO, SR, not individually,
but as named executor in his capacity as executor of
the estate of MICHAEL J. COLANDO, deceased;
DOMINIC MANCINI, Individually, and as an
attorney; PUGI, KIA, LLC; D&M AUTO SALES,
INC.; KIA MOTORS AMERICA, INC.; VW
CREDIT, INC.

Case No. 1:08-cv-02530

Judge Ruben Castillo

Magistrate Judge Arlander Keys

**MEMORANDUM IN SUPPORT OF
THE MOTION TO DISMISS FILED BY
DEFENDANT KIA MOTORS AMERICA, INC.**

Randall L. Oyler
Roger H. Stetson
Brandon C. Prosansky
BARACK FERRAZZANO KIRSCHBAUM &
    NAGELBERG LLP
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)

Dated:  July 11, 2008

# TABLE OF CONTENTS

TABLE OF CONTENTS ..................................................................................................... i

TABLE OF AUTHORITIES ............................................................................................... ii

INTRODUCTION .............................................................................................................. 1

PLAINTIFF'S ALLEGATIONS ......................................................................................... 1

ARGUMENT ..................................................................................................................... 4

   I.   THIS COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO RULE 8 ............................. 4

   II.   THIS COURT SHOULD DISMISS CLAIMS AGAINST KMA PURSUANT TO RULE 12(B)(6). ...... 5

      A.   COUNTS 1 THROUGH 10 FAIL TO STATE VALID CLAIMS. ........................................... 5

      B.   COUNT 13 FAILS TO STATE A VALID CLAIM. .......................................................... 5

          1.   Plaintiff Fails To Plead the Existence of an "Enterprise." ........................................ 6

          2.   Plaintiff Fails To Plead a "Pattern" of Racketeering Activity. ............................... 8

          3.   Plaintiff Fails To Plead "Predicate Acts of Racketeering Activity." .................... 11

      C.   COUNT 14 FAILS TO STATE A VALID CLAIM. .......................................................... 12

      D.   PLAINTIFF'S COMMON LAW COUNTS FAIL TO STATE VALID CLAIMS. ...................... 13

   III.   THIS COURT SHOULD ENTER A DISMISSAL WITH PREJUDICE. ........................................ 15

CONCLUSION ................................................................................................................. 16

CERTIFICATE OF COMPLIANCE ................................................................................. 17

CERTIFICATE OF SERVICE ........................................................................................... 18

# TABLE OF AUTHORITIES

## Cases

*Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663 (7th Cir. 2007) ..............15

*Anael v. Interstate Brands Corp.*, No. 02 C 5192, 2003 U.S. Dist. LEXIS 14537 (N.D. Ill. Aug. 14, 2003) ................................................................................................12, 13

*Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) ................................................5

*Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961 (7th Cir. 2000) ....................................12

*CIB Bank v. Esmail*, No. 04 C 4870, 2004 U.S. Dist. LEXIS 26817 (N.D. Ill. Dec. 22, 2004) ................................................................................................................10

*Cole v. Forest Park School District 91*, No. 06 C 1087, 2006 U.S. Dist. LEXIS 45245 (N.D. Ill. June 19, 2006) ....................................................................................5

*Doe v. Dilling*, No. 104049, 2008 Ill. LEXIS 104049 (Ill. 2008)....................................13

*Dowd & Dowd v. Gleason*, 181 Ill. 2d 460, 693 N.E.2d 358 (Ill. 1998) ......................................14

*Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885 (N.D. Ill. 2008) ................................................5, 9, 15

*Goren v. New Vision International, Inc.*, 156 F.3d 721 (7th Cir. 1998)........................6, 8, 11, 13

*H.J., Inc. v. Northwestern Bell Telephone Co.*, 492 U.S. 229 (1989)............................................9

*Jeffries v. Dutton & Dutton*, No. 05 C 4249, 2006 U.S. Dist. LEXIS 32439 (N.D. Ill. May 11, 2006) ..........................................................................................5

*Jennings v. Emry*, 910 F.2d 1434 (7th Cir. 1990)....................................................4, 6, 9

*Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321 (7th Cir. 1994)............................................11

*Katzman v. Victoria Secret Catalogue*, 167 F.R.D. 649 (S.D.N.Y. 1996) ....................................15

*Klem v. Mann*, 279 Ill. App. 3d 735, 665 N.E.2d 514 (1st Dist. 1996) ......................................13

*Lachmund v. ADM Investor Services*, 191 F.3d 777 (7th Cir. 1999)............................................13

*Maddox v. Capitol Bankers Life Insurance Co.*, No. 94 C 5207, 1997 U.S. Dist. LEXIS 1088 (N.D. Ill. Jan. 28, 1997) ....................................................................5

*Midwest Grinding Co. v. Spitz*, 976 F.2d 1016 (7th Cir. 1992)........................................9, 10

*Okaya (U.S.A.), Inc. v. Denne Industrial, Inc.*, No. 00 C 1203, 2000 U.S. Dist. LEXIS 20352 (N.D. Ill. Nov. 17, 2000)..............................................................6, 7, 12

*Quake Construction, Inc. v. American Airlines, Inc.*, 141 Ill. 2d 281, 565 N.E.2d 990 (Ill. 1990) ..................................................................................................................15

*Reves v. Ernst & Young*, 507 U.S. 170 (1993).................................................................8

*Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640 (7th Cir. 1995)................................7

*Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 U.S. Dist. LEXIS 20667 (N.D. Ill. Mar. 14, 2008) .............................................................................................6, 11

*Segal v. Geisha NYC LLC*, 517 F.3d 501 (7th Cir. 2008) .................................................5

*Slaney v. The International Amateur Athletic Federation*, 244 F.3d 580 (7th Cir. 2001)...................................................................................................5, 11, 12

*Stachon v. United Consumers Club, Inc.*, 229 F.3d 673 (7th Cir. 2000) ....................6, 12

*Starfish Investment Corp. v. Hansen*, 370 F. Supp. 2d 759 (N.D. Ill. 2005) ...................6, 7, 8, 10

*Tellis v. U.S. Fidelity & Guaranty Co.*, 826 F.2d 477 (7th Cir. 1986) ............................9

*Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918 (7th Cir. 1992).................................9

*U.S. v. Leahy*, 464 F.3d 773 (7th Cir. 2006) ................................................................12

*Vicom, Inc. v. Harbridge Merchant Services, Inc.*, 20 F.3d 771 (7th Cir. 1994) .................4, 9, 10

*Whitehead v. Gateway Chevrolet, Oldsmobile, Inc.*, No. 03 C 5684, 2004 U.S. Dist. LEXIS 1281 (N.D. Ill. Feb. 2, 2004) ..........................................................................9, 12

*Western. States Insurance Co. v. Louis E. Olivero & Associates*, 283 Ill. App. 3d 307, 670 N.E.2d 333 (Ill. App. Ct. 1996) ........................................................................14

*Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964 (N.D. Ill. 2008)........................5, 6

**Statutes**

18 U.S.C. § 1342.............................................................................................................5

18 U.S.C. § 1343.............................................................................................................5

18 U.S.C. § 1961(4).........................................................................................................7

18 U.S.C. § 1961(5).......................................................................................................10

18 U.S.C. § 1962(c) ..............................................................................4, 5, 7, 8, 11, 12

18 U.S.C. § 1962(d) .................................................................................................4, 12

**Rules**

Federal Rule of Civil Procedure Rule 8 .......................................................................1, 4

Federal Rule of Civil Procedure Rule 9(b) ...................................................................11

Federal Rule of Civil Procedure 12(b)(6) .................................................................1, 5

Federal Rule of Civil Procedure 12(b)(6) .....................................................................1

**Miscellaneous**

U.S. Dist. Ct. N.D. Ill., General Order 07-0023 ...........................................................1

## INTRODUCTION

Plaintiff David Kramer ("Plaintiff") has filed an unsigned, rambling, repetitive, conclusory, and often inconsistent 108-page complaint that attempts to make a federal case out of a simple, garden-variety state law fraud claim. Plaintiff's case is based upon the factual contention that, while he was negotiating to purchase the assets of a Kia dealership located in Downers Grove, the owners of the dealership defrauded him with respect to two loans that he made to the dealership (totaling $62,500), misled him as to the value of the inventory of the dealership (by the value of one specific automobile and a limited number of other unspecified "cars"), and converted for their own benefit vehicles allegedly owned by Plaintiff (numbering five). Based upon these allegations, Plaintiff asserts sweeping causes of action against the dealership and its owners, as well as against the dealership's lawyer, its vehicle distributor, its financing source, and certain police officers. The Complaint pleads not only common law causes of action, but also claims for violations of the federal mail and wire fraud statutes and the federal RICO statute. Defendant Kia Motors America, Inc. ("KMA"), the dealership's vehicle distributor, now brings a motion to dismiss the 43 causes of action that Plaintiff asserts against it. This Court, pursuant to Federal Rules 8 and 12(b)(6), should dismiss the claims with prejudice. [1]

## PLAINTIFF'S ALLEGATIONS

The named plaintiff in the case is David Kramer, a buyer and seller of new and used vehicles. (Cplt. ¶ 5.) Kramer brings the lawsuit on behalf of both himself and Certified Car Sales, LLC ("Certified"), an automobile dealership that he wholly owns. (*Id.* at ¶¶ 5-6.) [2]

---

[1] Plaintiff's Complaint is verified, but is not signed. However, because Plaintiff's counsel filed the Complaint through the use of the ECF system, the Complaint is governed by Rule 11. (U.S. Dist. Ct. N.D. Ill., General Order 07-0023, § X (A).)

[2] While the Complaint caption identifies David Kramer as the plaintiff, and while the Complaint refers to a singular plaintiff in its allegations, the section of the Complaint entitled "Parties" identifies both David Kramer and Certified as plaintiffs. (Cplt. ¶¶ 5-6.)

Plaintiff names the following parties as defendants: (a) Pugi Kia, LLC ("Pugi Kia"), a former Kia motor vehicle dealership; (b) Michael J. Colando ("Colando") and Dominic L. Pugliani ("Pugliani"), the former owners of the dealership; (c) Anthony J. Colando, Jr. ("Anthony Colando") and Larry M. Hall ("Hall"), former managers of the dealership; (d) D&M Auto Sales, Inc. ("D&M"), a motor vehicle sales business wholly-owned by Colando; (e) Dominic Mancini ("Mancini"), an attorney for the dealership, D&M, Pugliani, Colando, Anthony Colando, and Hall; (f) KMA, the U.S. distributor of Kia brand motor vehicles; (g) VW Credit, Inc., a provider of motor vehicle financing; and (h) police officers John P. Creedon and Steven Stelter. (*Id.* at ¶¶ 7, 9-18.) Two of the defendants are no longer in existence or alive: Pugi Kia was involuntarily dissolved on October 15, 2007, and Colando is deceased. (*Id.* at ¶¶ 8-9, 16.)

Plaintiff brings the lawsuit to recover damages he contends he suffered when "defendants" defrauded him. Specifically, Plaintiff alleges that, from September 2005 through May 2006, he engaged in discussions with Colando and Pugliani regarding a potential purchase of the assets of Pugi Kia. (Cplt. ¶¶ 23-24, 65.) He claims that, during the negotiations, he was defrauded with respect to transactions that were tangential to what he intended to become his eventual purchase of the dealership's assets. (*Id.* at pp. 2-3.) Specifically, he claims: (a) that he was deceived into making two loans to the dealership, totaling $62,500, that were not repaid; (b) that he was misled as to the value of the dealership's assets; and (c) that five vehicles that he owned and had placed on the dealership's premises for consignment sale were converted. (*Id.* at ¶¶ 40, 120, 128, 138, 148, 171, 182, 194, 206, 218, 291, 299, 316, 324.) Plaintiff alleges that some of these fraudulent activities were accomplished through the use of mails and/or wires. (*Id.* at ¶¶ 119, 133, 137, 147, 161, 165, 174, 191, 203, 215.)

Plaintiff's allegations about which defendants defrauded him are unclear and

inconsistent.   At certain places in the Complaint, Plaintiff makes sweeping, conclusory, and generic allegations that all "defendants" participated in the acts of fraud.   At other places, Plaintiff purports to provide more detail, and alleges only that certain defendants participated in the acts.   For instance, as to Plaintiff's allegation that he was misled as to the value of the dealership's assets, Plaintiff initially makes the sweeping allegation that Colando, Anthony Colando, Pugliani, Hall, Pugi Kia, D&M, VW Credit, and KMA all "fraudulently overstated the assets of Pugi Kia." (*Id.* at p. 3.)  However, when purporting to discuss the fraud in more detail, Plaintiff specifically identifies only Colando, Anthony Colando, Pugliani, Hall, and/or Pugi Kia as the actors who fraudulently presented inaccurate financial statements.   (*Id.* at ¶¶ 40, 120, 128, 138, 148.)   Similarly, as to Plaintiff's allegations about the alleged conversion of the five automobiles, Plaintiff makes the broad allegation that Colando, Anthony Colando, Pugliani, Hall, Pugi Kia, D&M, VW Credit, and KMA all "unabashedly converted Plaintiff's cars" and participated in fraudulent activities.   (*Id.* at p. 3 and ¶¶ 173, 185, 197, 209, 221.)  However, when purporting to make specific allegations about the same acts of conversion, Plaintiff again includes only Colando, Anthony Colando, Pugliani, Hall, and/or Pugi Kia in his allegations.   (*Id.* at 69-70, 75/82, 86/95, 99/106-107, 115-16/218.)

Plaintiff's pleading issues are particularly acute with respect to KMA.   At points throughout the Complaint, Plaintiff, in a conclusory manner, lumps KMA in with all of the other defendants when discussing the alleged fraudulent acts.   However, there is not a single instance in the Complaint where Plaintiff makes a specific factual allegation regarding any fraud engaged in by KMA itself.   There also is not a single instance in the Complaint where Plaintiff makes any specific factual allegation relating to any agreement by KMA to enter into any association with any other person or entity for the purpose of committing fraud.

Plaintiff's Complaint contains 45 counts.  Plaintiff pleads 43 of those counts against KMA.  Those counts include 10 counts for violations of the federal mail and wire fraud statutes; one count for a violation of the federal civil RICO statute, 18 U.S.C. § 1962(c); one count for a violation of the federal civil RICO conspiracy statute, 18 U.S.C. § 1962(d); eight counts for fraudulent misrepresentation; eight counts for breach of contract; five counts for conversion; five counts for tortious interference with a business expectancy; and five counts for promissory estoppel.  KMA now asks this Court to dismiss all of the claims against KMA.[3]

ARGUMENT

## I.    THIS COURT SHOULD DISMISS THE COMPLAINT PURSUANT TO RULE 8.

As an initial matter, this Court should dismiss the Complaint in its entirety as a gross violation of Rule 8 of the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Rule 8(e)(1) requires that "each averment of a pleading shall be simple, concise, and direct."  Here, the Complaint is a 108-page, 525-paragraph, 45-count document that is rambling, redundant, inconsistent, and utterly devoid of the essential clarity required by Rule 8.  There is no way that an orderly trial could be conducted based upon its allegations.  There also is no way any defendant could respond to the allegations in the Complaint without undue burden.  The Complaint should be dismissed pursuant to Rule 8.  *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775-776 (7th Cir. 1994); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990).

---

[3]  This current lawsuit is the second legal proceeding initiated by Kramer to attempt to recover damages he claims to have suffered relating to his efforts to purchase the assets of Pugi Kia. In *Certified Car Sales, LLC v. Pugi Kia, Inc.* (U.S. Dist. Ct. N.D. Ill. Case No. 06 C 6192), Kramer's wholly-owned company, Certified, asserted claims against Pugi Kia, its owners, and certain police officers based upon the same facts that are at issue in the current lawsuit. This Court (Magistrate Judge Keys) dismissed the claims, and entered judgment. The Court also denied a motion by Certified for leave to add new defendants and to add new claims for civil RICO violations predicated upon fraud.

## II.    THIS COURT SHOULD DISMISS CLAIMS AGAINST KMA PURSUANT TO RULE 12(B)(6).

This Court also should dismiss the claims against KMA under Rule 12(b)(6).  A court should dismiss a claim under this rule if it "fails to set forth enough facts to state a claim to relief that is plausible on its face." *Wooley v. Jackson Hewitt, Inc.*, 540 F. Supp. 2d 964, 970 (N.D. Ill. 2008) (Castillo, J.), *citing Segal v. Geisha NYC LLC*, 517 F.3d 501, 504 (7th Cir. 2008).  To survive dismissal, a claim must do more than "merely [recite] the elements of a cause of action." *Gavin v. AT&T Corp.*, 543 F. Supp. 2d 885, 893 (N.D. Ill. 2008) (Castillo, J.), *citing Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007).

### A.    COUNTS 1 THROUGH 10 FAIL TO STATE VALID CLAIMS.

Counts 1 through 10 purport to assert private causes of action against KMA for violations of the federal mail and wire fraud statutes, 18 U.S.C. §§ 1342 and 1343.  It is well settled, however, that the mail and wire fraud statutes are criminal in nature, and do not support any private cause of action. *See, e.g., Cole v. Forest Park School Dist. 91*, No. 06 C 1087, 2006 U.S. Dist. LEXIS 45245, at *3 (N.D. Ill. June 19, 2006); *Jeffries v. Dutton & Dutton*, No. 05 C 4249, 2006 U.S. Dist LEXIS 32439, at *25 (N.D. Ill. May 11, 2006); *Maddox v. Capitol Bankers Life Ins. Co.*, No. 94 C 5207, 1997 U.S. Dist. LEXIS 1088, at *15 (N.D. Ill. Jan. 28, 1997).

### B.    COUNT 13 FAILS TO STATE A VALID CLAIM.

Count 13 purports to state a cause of action against KMA for a violation of the civil RICO statute, 18 U.S.C. § 1962(c).  That statute makes it unlawful for a "person employed by or associated with [an] enterprise . . . to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity or collection of unlawful debt."  Accordingly, to state a cause of action, a plaintiff must allege:  (a) conduct; (b) of an enterprise; (c) through a pattern; (d) of predicate acts of racketeering activity. *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001).  To meet its pleading burden, a

plaintiff must provide "sufficient facts to support each element." *Goren v. New Vision Int'l, Inc.*, 156 F.3d 721, 727 (7th Cir. 1998); *Starfish Investment Corp. v. Hansen*, 370 F. Supp. 2d 759, 768 (N.D. Ill. 2005) (Castillo, J.). A plaintiff may not simply assert "boilerplate language." *Wooley*, 540 F. Supp. 2d at 973. Here, Plaintiff not only fails to make the necessary factual allegations to state a claim, but actually pleads himself out of a cause of action.

### 1. Plaintiff Fails To Plead the Existence of an "Enterprise."

Plaintiff first fails to meet his burden of pleading the existence of an "enterprise." To plead an enterprise, a plaintiff must: (a) "identify the enterprise"; (b) "demonstrate that the enterprise is distinct from the RICO 'person,' *i.e.*, the defendant"; and (c) "plead that the RICO person [the defendant] participated in the operation or management of the enterprise." *Okaya (U.S.A.), Inc. v. Denne Indus., Inc.*, No. 00 C 1203, 2000 U.S. Dist. LEXIS 20352, at *7 (N.D. Ill. Nov. 17, 2000) (citation omitted). Plaintiff fails to satisfy each of these three requirements.

*First*, Plaintiff fails to "identify" the enterprise in a legally sufficient manner. To identify an enterprise, a plaintiff must allege some type of "ongoing 'structure' of persons associated through time, joined in purpose, and organized in a manner amenable to hierarchical or consensual decision making." *Jennings*, 910 F.2d at 1440. *See also Wooley*, 540 F. Supp. 2d at 973; *Rosen v. Mystery Method, Inc.*, No. 07 C 5727, 2008 U.S. Dist. LEXIS 20667, at *9 (N.D. Ill. Mar. 14, 2008). A plaintiff may not merely list together a string of defendants under the label "enterprise." *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 676 (7th Cir. 2000); *Okaya*, 2000 U.S. Dist. LEXIS 20352 at *7. In determining whether a plaintiff has met its pleading burden, a court should "consider whether the enterprise would still exist were the predicate acts removed from the equation." *Rosen*, 2008 U.S. Dist. LEXIS 20667 at *10.

Here, Plaintiff's identification of the alleged enterprise consists solely of the following allegation: "that one or more of the following constituted an association or an association-in-fact

and was therefore an enterprise within the meaning of 18 U.S.C. §§ 1961(4) and 1962(c): Colando, Pugliani, Hall, Anthony Colando, Mancini, VW Credit, KMA, Pugi Kia, and D&M." (Cplt. ¶ 244.)  This allegation is nothing more than boilerplate language that strings together, in a conclusory fashion, all of the defendants under the label "enterprise."  The allegation does not identify with any specificity the persons and entities who make up the enterprise, does not describe the hierarchy of the enterprise, does not identify the manner of decision-making within the enterprise, and does not differentiate the roles that each of the defendants plays in the enterprise.  The allegation even fails even to take a position on whether the purported enterprise is an "association" or the more informal "association in fact."  Moreover, while the Complaint baldly states that a purported enterprise "had a purpose separate and distinct from the racketeering activity conducted by its controlling members, agents and affiliates" (*id.* at ¶ 246), the Complaint contains no specific allegations as to what this purpose was or why the enterprise would continue to exist apart from the predicate acts.  At most, the Complaint simply alleges that the defendants "collectively defrauded" Plaintiff.  Such allegations are "not enough to show that the acts complained of were the work of a RICO organization." *Starfish*, 370 F. Supp. 2d at 771.

*Second*, Plaintiff fails to make the necessary allegations to show that the enterprise is "distinct" from KMA.  Section 1962(c) prohibits a defendant "person" from conducting the affairs of an "enterprise" in a criminal or fraudulent manner.  *Okaya*, 2000 U.S. Dist. LEXIS 20352 at *8.  As a result, a plaintiff must show that the defendant is "a distinct and separate entity from the 'enterprise' whose affairs it conducts."  *Id.*, *citing Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 646 (7th Cir. 1995).  In order to demonstrate such distinctiveness, the plaintiff must allege that the defendant "committed the crime or fraud while conducting the enterprise's affairs, not merely its own business."  *Id.*  Here, the Complaint is devoid of any

allegation that KMA committed any act while conducting the affairs of the purported enterprise, rather than its own business. For instance, Plaintiff alleges that KMA "issued a $6,500 rebate for [a] vehicle." (Cplt. ¶¶ 36, 140, 150, 160). It also alleges that KMA personnel met with Plaintiff. (*Id.* at ¶¶ 25(a), 274(a).) The Complaint, however, does not allege that KMA engaged in such activities for any reason other than its conducting of its own legitimate business operations.

*Third*, Plaintiff fails to make the necessary allegations to show that KMA "participated in the operation or management" of the purported enterprise. Section 1962(c) imposes liability only on persons who "'participated in the operation or management of the enterprise itself,' . . . [and] . . . played 'some part in directing the enterprise's affairs.'" *Goren*, 156 F.3d at 727, *quoting Reves v. Ernst & Young*, 507 U.S. 170, 179, 183 (1993). Here, none of the vague allegations involving KMA are sufficient to such a showing. (Cplt. ¶¶ 244, 247-48). While the plaintiff contends that the other defendants used the "credibility of KMA" to "perpetuate the scheme" (*id.* at p. 2), not even the most liberal interpretation of this statement can turn it into an allegation that KMA exercised management control over the purported enterprise. In addition, the Complaint actually contains statements that demonstrate that KMA did *not* participate in the operation or management of the enterprise. For instance, in the introduction to the Complaint, Plaintiff specifically alleges that it was Pugi Kia, Colando, Anthony Colando, Pugliani and Hall who "planned organized and committed the multiple frauds." (*Id.* at p. 2.)

### 2.    Plaintiff Fails To Plead a "Pattern" of Racketeering Activity.

A "pattern" of racketeering activity requires at least two predicate acts of racketeering activity within a 10 year period. (18 U.S.C. § 1961(5).) A RICO plaintiff must plead both that the enterprise has committed two predicate acts *and* that the particular defendant at issue also has committed two predicate acts. *Starfish*, 370 F. Supp. 2d at 780 (citations omitted). The acts must "be related to one another (the relationship prong) and pose a threat of continued criminal

activity (the continuity prong)." *Jennings*, 495 F.3d at 473 (internal citations omitted). To satisfy the continuity prong, a plaintiff may show either "closed-ended" continuity or "open-ended" continuity. *H.J., Inc. v. Nw. Bell Tel. Co.*, 492 U.S. 229, 241 (1989).[4]

Plaintiff fails to plead a "pattern" with respect to the purported enterprise. Plaintiff alleges that the enterprise engaged in a series of predicate acts of mail and wire fraud. In making those allegations, Plaintiff pleads himself out of both closed-ended and open-ended continuity.

To determine whether a plaintiff has established closed-ended continuity, a court must examine "the number and variety of predicate acts and the length of time over which they were committed, the number of victims, the presence of separate schemes and the occurrence of distinct injuries." *Jennings*, 495 F.3d at 473 (citation omitted). Here, not a single one of these factors weighs in favor of closed-ended continuity. *First*, with respect to the number and variety of predicate acts, "multiple acts of mail fraud in furtherance of a single episode of fraud involving one victim and relating to one basic transaction cannot constitute the necessary pattern." *Tellis v. U.S. Fidelity & Guaranty Co.*, 826 F.2d 477, 478 (7th Cir. 1986). This is precisely what Plaintiff pleads. *Second,* with respect to duration, time periods of less than one year are insufficient to establish closed-ended continuity. *See Jennings*, 495 F.3d at 474 (ten months); *Vicom*, 20 F.3d at 780 (nine months); *Uni*Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 922 (7th Cir. 1992) (eight months); *Midwest Grinding Co. v. Spitz*, 976 F.2d 1016, 1024 (7th Cir. 1992) (nine months); *Whitehead v. Gateway Chevrolet, Oldsmobile, Inc.*, No. 03 C 5684, 2004 U.S. Dist. LEXIS 1281, at *26 (N.D. Ill. Feb. 2, 2004) (seven months). Here, Plaintiff alleges a scheme that lasted less than a year: October 2005 to May 2006. (Cplt. ¶ 244.)

---

[4] Closed-ended continuity "involves criminal behavior that has come to an end but that went on for a substantial period of time." *Gavin*, 543 F. Supp. 2d at 905, *citing Jennings*, 495 F.3d at 473. Open-ended continuity involves criminal activity which "projects into the future with a threat of repetition." *Id.*

*Third*, with respect to the number of victims, Plaintiff pleads only one victim: himself. *Fourth*, with respect to the presence of separate schemes and distinct injuries, Plaintiff pleads one basic transaction: an "over-arching scheme to sell the falsely inflated assets of a Kia car dealership and the dealership to the Plaintiff." (*Id.* at p. 2.)

To determine whether a plaintiff has established open-ended continuity, a court must examine: "(1) whether there is a specific threat of repetition; (2) whether the predicate acts are a regular way of conducting an on-going legitimate business; and (3) whether the predicate acts can be credited to a defendant operating as part of a long-term association that exists for criminal purposes." *Starfish*, 370 F. Supp. 2d at 777, *citing Vicom*, 20 F.3d at 782. Again, none of the factors weighs in Plaintiff's favor. *First*, as to specific threat of repetition, a scheme of activity with a natural end point cannot establish open-ended continuity. *Vicom*, 20 F.3d at 782-783; *Midwest Grinding*, 976 F.2d at 1023. Here, the alleged scheme not only had a natural end point – the sale of the Pugi Kia dealership – but it indeed has ended. In fact, Pugi Kia is dissolved and Colando is deceased. (Cplt. ¶¶ 9, 16.) *Second*, as to whether the predicate acts are a regular way of conducting on-going legitimate business, Plaintiff provides only boilerplate language that mail and wire fraud were "Pugi Kia's and D&M's regular way of doing business." (*Id.* at ¶ 261.) This conclusory allegation is unsupported by any specific factual allegation, fails to include KMA, and does not suggest on-going acts of fraud. *See Midwest Grinding*, 976 F.2d at 1023 (plaintiff failed to present any evidence that defendants routinely raided competitors). *Third*, as to whether the predicate acts are part of a long-term criminal association, Plaintiff does not allege a single fact that suggests such an association. *See CIB Bank v. Esmail*, No. 04 C 4870, 2004 U.S. Dist. LEXIS 26817, at *13-14 (N.D. Ill. Dec. 22, 2004) ("ten alleged criminal acts of fraud, without more, are insufficient to support the existence of a long-term criminal association").

Plaintiff also fails to plead a "pattern" with respect to KMA. Throughout the Complaint, Plaintiff merely lumps KMA in with other defendants in a conclusory fashion. Plaintiff at no point makes any allegation that KMA itself committed any predicate act of mail or wire fraud.

### 3.    Plaintiff Fails To Plead "Predicate Acts of Racketeering Activity."

To state a civil RICO claim under § 1962(c), a plaintiff also must plead specific "predicate acts of racketeering activity." Where the predicate acts are mail and wire fraud, the plaintiff must plead such acts with particularity pursuant to Rule 9(b). *Goren*, 156 F.3d at 726. This standard requires the plaintiff to describe "the time, place, and content of the alleged false representations, the method by which the misrepresentations were communicated, and the identities of the parties to those misrepresentations." *Slaney*, 244 F.3d at 597. It also requires, where multiple defendants are involved, the plaintiff to "plead sufficient facts to notify each defendant of his alleged participation in the scheme," rather than merely naming multiple defendants and asserting that they all collectively are responsible. *Goren*, 156 F.3d at 726, 730. *See also Jepson, Inc. v. Makita Corp.*, 34 F.3d 1321, 1327-28 (7th Cir. 1994); *Rosen*, 2008 U.S. Dist. LEXIS 20667 at *14-15. Here, Plaintiff fails to meet this burden. Plaintiff fails to provide necessary detail with respect to the alleged events of mail and wire fraud. Plaintiff also fails to describe the role each defendant allegedly played with respect to the fraud, choosing to present instead merely long list of defendants. (Cplt. ¶¶ 119, 127, 137, 147, 158, 165, 179, 191, 203, 215.) For example, the Complaint alleges wire fraud arising out of allegedly false inventory statements that some defendants faxed to Plaintiff, stating that "[a]ll Defendants verbally authenticated and substantiated the truth and completeness of the inventories faxed to Plaintiff." (*Id.* at ¶ 129). Such allegations do not establish "predicate acts of racketeering activity."[5]

---

[5]    Plaintiff also fails to allege one of the necessary elements to establish a claim for wire fraud. The elements of wire fraud and mail fraud are: "(1) a scheme to defraud; (2) an intent to defraud; and (3)

## C.    COUNT 14 FAILS TO STATE A VALID CLAIM.

Count 14 of the Complaint purports to state a cause of action against KMA for a violation of the federal civil RICO conspiracy statute, 18 U.S.C. § 1962(d).  Section 1962(d) provides a cause of action for conspiracy to violate any of the substantive provisions of RICO.  *Anael v. Interstate Brands Corp.*, No. 02 C 5192, 2003 U.S. Dist. LEXIS 14537, at *22 (N.D. Ill. Aug. 14, 2003).  Here, Plaintiff fails to state a claim.  *First*, Plaintiff's failure to plead a violation of § 1962(c) means that Plaintiff also fails to plead a violation of § 1962(d).  *See Stachon*, 229 F.3d at 677; *Okaya*, 2000 U.S. Dist. LEXIS 20352 at *17.  *Second*, Plaintiff fails to plead sufficient facts to establish KMA's involvement in a conspiracy.  To plead involvement in a conspiracy, a plaintiff must allege that: "(1) the defendant agreed to maintain an interest in or control of an enterprise or to participate in the affairs of an enterprise through a pattern of racketeering activity; and (2) the defendant further agreed that someone would commit at least two predicate acts to accomplish those goals."  *Slaney*, 244 F.3d at 600.  To plead the first of these requirements, the plaintiff must show that the defendant "knowingly agree[d] to perform services of a kind which facilitate the activities of those who are operating the enterprise in an illegal manner."  *Brouwer v. Raffensperger, Hughes & Co.*, 199 F.3d 961, 967 (7th Cir. 2000).  Here, the Complaint merely alleges that defendants "conspired . . . by agreeing to conduct or participate in the affairs of the enterprise that consisted of . . . multiple acts of mail and wire fraud."  (Cplt. ¶ 264).  Such allegation fails to meet the first requirement:  it contains no facts about any agreement (such as the occurrence of a meeting or discussion among the alleged

---

use of the mails or wires in furtherance of the scheme."  *U. S. v. Leahy*, 464 F.3d 773, 786 (7th Cir. 2006).  To plead the "use of the wires," the plaintiff must allege the "use of an interstate telephone call or electronic communication made in furtherance of the scheme."  *Id.* at 786 (internal quotation omitted).  Here, Plaintiff nowhere alleges that any transmissions were sent across the borders of Illinois.  Plaintiff thus fails to plead wire fraud.  *See Whitehead*, 2004 U.S. Dist. LEXIS 1281, at *22 (plaintiff's "allegations of wire fraud are insufficiently pleaded under Rule 9(b)" because plaintiff failed "to allege that the use of wires involved interstate communications").

conspirators), it never mentions any interactions between KMA and the other defendants (other than KMA's issuing of one rebate check), and it does not state that KMA agreed to perform services for the purported enterprise. The allegation also fails to met the second requirement: it makes no reference to any agreement that someone would commit two predicate acts of racketeering. These deficiencies are fatal to the claim. *Lachmund v. ADM Investor Servs.*, 191 F.3d 777, 785 (7th Cir. 1999); *Goren*, 156 F.3d at 732-33; *Anael*, 2003 U.S. Dist. LEXIS 14537 at *23-24.

### D.    PLAINTIFF'S COMMON LAW COUNTS FAIL TO STATE VALID CLAIMS.

Counts 15, 16, 18, 20, 25, 30, 35, and 40 purport to state causes of action for fraudulent misrepresentation against KMA. To state such a claim, a plaintiff must plead: (a) a false statement of material fact; (b) known or believed to be false by the person making it; (c) an intent to induce the plaintiff to act; (d) action by the plaintiff in justifiable reliance on the truth of the statement; and (e) damage to the plaintiff resulting from such reliance. *Doe v. Dilling*, No. 104049, 2008 Ill. LEXIS 104049, at *29 (Ill. 2008). With respect to Count 15, the Complaint contains no allegation that KMA made any statements to the Plaintiff with the intent to induce Plaintiff to act or that Plaintiff relied upon any statement by KMA. With respect to Counts 16, 18, and 20, the Complaint does not allege a single fact in support of *any* of the five requisite elements. With respect to Counts 25, 30, 35, and 40, the Complaint fails to plead that KMA made a false statement to the Plaintiffs, that KMA made any statement with the intent to induce the Plaintiffs to act, or that Plaintiffs relied on any statement by KMA to their detriment.

Counts 17, 19, 23, 28, 33, 38, 43, and 45 purport to state causes of action for breach of contract. To state a claim for breach of contract, a plaintiff must plead the existence of a contract between plaintiff and defendant. *Klem v. Mann*, 279 Ill. App. 3d 735, 740, 665 N.E.2d 514, 518 (1st Dist. 1996). Not a single one of the eight counts for breach of contract in the Complaint

contains the rudimentary allegation that KMA was a party to any contract with Plaintiff.

Counts 21, 26, 31, 36, and 41 purport to state causes of action for conversion. To state a claim for conversion, a plaintiff must plead: (a) that it had a right to property; (b) that it had an absolute and unconditional right to the immediate possession of the property; (c) that it made a demand for possession; and (d) that the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *W. States Ins. Co. v. Louis E. Olivero & Assocs.*, 283 Ill. App. 3d 307, 310, 670 N.E.2d 333, 335 (3d Dist. 1996). In Counts 31, 36, and 41, Plaintiff fails to include KMA among the defendants who allegedly converted vehicles. (Cplt. ¶¶ 403, 436, 469.) In Counts 21 and 26, Plaintiff conclusorily includes KMA among the defendants who converted allegedly converted vehicles, but such allegations are directly contradicted by specific factual allegations elsewhere in the Complaint. (Compare Cplt. ¶¶ 69-70 and 337; 75 and 370.)

Counts 22, 27, 32, 37, and 42 purport to state causes of action for tortious interference with a business expectancy. To state such a claim, a plaintiff must plead: (a) its reasonable expectation of entering into a valid business relationship; (b) the defendant's knowledge of the expectancy; (c) a purposeful interference by the defendant that prevents the expectancy from ripening into a valid business relationship; and (d) damages resulting from the interference. *Dowd & Dowd v. Gleason,* 181 Ill. 2d 460, 483-484, 693 N.E.2d 358, 370 (Ill. 1998). Here, the Complaint alleges that Plaintiffs' ability to benefit from a consignment sale of certain vehicles was interfered with by the reporting of vehicles as being stolen, the forging of documents, and the mailing of fraudulent or forged documents. The Complaint contains no specific allegations that KMA, as distinct from the other defendants, engaged in any of the unlawful activities. To the contrary, the Complaint asserts that such acts were engaged in by Colando, Anthony

Colando, Pugliani, and Hall.  (Cplt. ¶¶ 61, 69, 70, 78, 82, 90, 95, 102, 103, 106, 107 and 116.)

Finally, Counts 24, 29, 34, 39, and 44 purport to state causes of action for promissory estoppel.  To state such a claim, a plaintiff must plead: (a) that defendant made an unambiguous promise; (b) that plaintiff relief upon the promise; (c) that defendant expected and foresaw such reliance; and (d) that plaintiff was damaged.  *Quake Construction, Inc. v. Am. Airlines, Inc.*, 141 Ill. 2d 281, 309-10, 565 N.E.2d 990, 1004 (Ill. 1990).  Each of the counts fails to allege that KMA made any promise to Plaintiffs or that Plaintiffs relied on any promise by KMA.  In fact, each of the counts specifically alleges that the alleged promises were made by Colando, Pugliani, Hall, Pugi Kia and D&M, not KMA.  (Cplt. ¶¶ 58, 327, 346, 387, 420, 453 and 486.)

**III.    THIS COURT SHOULD ENTER A DISMISSAL WITH PREJUDICE.**

This Court may deny leave to amend a complaint "where there is 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'"  *Gavin*, 543 F. Supp. 2d at 899, *citing Airborne Beepers & Video, Inc. v. AT&T Mobility LLC*, 499 F.3d 663, 666 (7th Cir. 2007).  Here, these factors weigh in favor of entering a dismissal with prejudice.  *First*, Plaintiff's civil RICO complaint is an inappropriate attempt to entangle KMA, presumably for its supposed deep pockets, in a garden-variety fraud claim that involves only a former Kia dealership and its owners and agents.  *Second*, given the prior litigation filed by Certified, the current Complaint is not Plaintiff's first failure at pleading legitimate causes of action.  *Third*, allowing an amendment would cause undue prejudice to KMA because of the almost inevitable stigma of a continuing RICO lawsuit.  *See Katzman v. Victoria Secret Catalogue*, 167 F.R.D. 649, 660 (S.D.N.Y. 1996).  *Finally*, an amendment would be futile because Plaintiff cannot establish the requisite elements of any of its claims, particularly the pattern element of its civil RICO claim.

## CONCLUSION

For the foregoing reasons, KMA respectfully requests that this Court dismiss with prejudice Plaintiff's claims against KMA.

Dated:  July 11, 2008.

Respectfully submitted,

KIA MOTORS AMERICA, INC.

By:___/s/ Randall L. Oyler_____
        One of Its Attorneys

Randall L. Oyler
Roger H. Stetson
Brandon C. Prosansky
BARACK FERRAZZANO KIRSCHBAUM &
  NAGELBERG LLP
200 West Madison Street
Suite 3900
Chicago, Illinois 60606
(312) 984-3100
(312) 984-3150 (facsimile)

### CERTIFICATE OF COMPLIANCE

Prior to filing its Motion To Dismiss, on July 7, 2008, KMA's counsel sent a letter to Plaintiff's counsel, explaining the factual and legal deficiencies in the Complaint.  KMA thus has complied with the Case Management Procedures of Judge Ruben Castillo.

/s/ Randall L. Oyler

Randall L. Oyler

CERTIFICATE OF SERVICE

Randall L. Oyler, an attorney, hereby certifies that he caused a copy of the foregoing Memorandum in Support of the Motion To Dismiss to be served upon the following:

Stephen M. Komie
Komie & Associates
One North LaSalle Street
Suite 4200
Chicago, Illinois 60602-5002
(Attorney for plaintiffs – David Kramer and Certified Car Sales, LLC)

Paul E. Kelly
David L. King
Michael K. McConville
Kelly & King, P.C.
20 North Clark Street
Suite 2900
Chicago, Illinois 60602
(Attorneys for defendants – Pugi Kia, LLC,
Dominic L. Pugliani, Larry M. Hall and Dominic Mancini)

James J. Roche
Justyna A. Ziolo
Kelly K. Kachmarik
James J. Roche and Associates
642 North Dearborn Street
Chicago, Illinois 60610
(Attorneys for defendants – D&M Auto Sales, Inc.,
Anthony J. Colando, Jr., and Anthony J. Colando, Sr.

Jeffrey H. Bergman
Richard S. Alsterda
Ungaretti & Harris LLP
3500 Three First National Plaza
Chicago, Illinois 60602
(Attorneys for defendant – VW Credit, Inc.)

William R. Roberts, Assistant State's Attorney
Paul F. Bruckner, Assistant State's Attorney
DuPage County State's Attorney's Office
503 North County Farm Road
Wheaton, Illinois 60187
(Attorneys for defendant – Steven Stelter)

by e-filing a copy to each of the above referenced individuals.

            _/s/ Randall L. Oyler_
            Randall L. Oyler

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

DAVID KRAMER, individually, and as the
President and Sole Owner of CERTIFIED CAR
SALES, LLC, a Missouri Limited Liability
Company,

Case No. 1:08-cv-02530

v.

Judge Ruben Castillo

SHERIFF'S DEPUTY STEVEN STELTER,
Individually and as a Deputy of the DuPage County
Sheriff's Office; JOHN P. CREEDON, Individually
and as Director of the Tri-County Auto Theft Unit;
MICHAEL J. COLANDO, deceased, individually
and as a member of PUGI KIA, LLC and as the
President and sole owner of D&M AUTO SALES,
INC.; DOMINIC L. PUGLIANI, Individually, and
as a member of PUGI KIA, LLC; LARRY M.
HALL, Individually and as a Manager of PUGI
KIA, LLC; ANTHONY J. COLANDO, JR,
Individually and as a Manager of PUGI KIA, LLC;
ANTHONY J. COLANDO, SR, not individually,
but as named executor in his capacity as executor of
the estate of MICHAEL J. COLANDO, deceased;
DOMINIC MANCINI, Individually, and as an
attorney; PUGI, KIA, LLC; D&M AUTO SALES,
INC.; KIA MOTORS AMERICA, INC.; VW
CREDIT, INC.

Magistrate Judge Arlander Keys

To:    See Attached Service List

**NOTICE OF MOTION**

Please take notice that on July 22, 2008 at 9:45 a.m., we shall appear before the

Honorable Ruben Castillo or any judge sitting in his stead, in Courtroom 2141 in the U.S.

District Court, Northern District of Illinois, Eastern Division, 219 South Dearborn Street,

Chicago, Illinois, and then and there present Defendant Kia Motors America, Inc.'s Motion to

Dismiss.

Date:  July 11, 2008

Respectfully submitted,

KIA MOTORS AMERICA, INC.


By:  /s/ Randall L. Oyler
        Randall L. Oyler
        Roger H. Stetson
        Brandon C. Prosansky
        Barack Ferrazzano Kirschbaum &
          Nagelberg LLP
        200 West Madison Street
        Suite 3900
        Chicago, Illinois 60606
        (312) 984-3100
        (312) 984-3150 (facsimile)

## CERTIFICATE OF SERVICE

I, Randall L. Oyler, an attorney, hereby certify that I caused a copy of the foregoing Notice of Motion to be served upon the following:

> Stephen M. Komie
> Komie & Associates
> One North LaSalle Street
> Suite 4200
> Chicago, Illinois 60602-5002
> (Attorney for plaintiffs – David Kramer and
> Certified Car Sales, LLC)
>
> Paul E. Kelly
> David L. King
> Michael K. McConville
> Kelly & King, P.C.
> 20 North Clark Street
> Suite 2900
> Chicago, Illinois 60602
> (Attorneys for defendants – Pugi Kia, LLC,
> Dominic L. Pugliano, Larry M. Hall and
> Dominic Mancini)
>
> James J. Roche
> Justyna A. Ziolo
> Kelly K. Kachmarik
> James J. Roche and Associates
> 642 North Dearborn Street
> Chicago, Illinois 60610
> (Attorneys for defendants – D&M Auto Sales, Inc.,
> Anthony J. Colando, Jr., and Anthony J. Colando, Sr.
>
> Jeffrey H. Bergman
> Richard S. Alsterda
> Ungaretti & Harris LLP
> 3500 Three First National Plaza
> Chicago, Illinois 60602
> (Attorneys for defendant – VW Credit, Inc.)
>
> William R. Roberts, Assistant State's Attorney
> Paul F. Bruckner, Assistant State's Attorney
> DuPage County State's Attorney's Office
> 503 North County Farm Road
> Wheaton, Illinois 60187
> (Attorneys for defendant – Steven Stelter)

by e-filing a copy to each of the above referenced individuals.

/s/ Randall L. Oyler
Randall L. Oyler

500858_1.DOC