IN THE
UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

---

| | |
|---|---|
| DAVID KRAMER, Individually, and as the President and Sole Owner of CERTIFIED CAR SALES, LLC, a Missouri Limited Liability Company, )<br>  Plaintiff, )<br>  v. )<br>SHERIFF'S DEPUTY STEVEN STELTER; Individually and as a Deputy of the DuPage County Sheriff's Office; JOHN P. CREEDON, Individually and as Director of the Tri-County Auto Theft Unit; MICHAEL J. COLANDO, deceased, Individually and as a member of PUGI KIA, LLC and as the President and sole owner of D & M AUTO SALES, INC.; DOMINIC L. PUGLIANI, Individually, and as a member of PUGI KIA, LLC; LARRY M. HALL, Individually and as a Manager of PUGI KIA, LLC; ANTHONY J. COLANDO, Jr. Individually and as a Manager of PUGI KIA, LLC; ANTHONY J. COLANDO, Sr., not individually but as named executor in his capacity as executor of the estate of MICHAEL J. COLANDO, *deceased*; DOMINIC MANCINI, Individually and as an attorney; PUGI KIA, LLC; D & M AUTO SALES, INC.; KIA MOTORS AMERICA, INC.; VW CREDIT, INC., )<br>  Defendants. ) | Case No. 08 CV 2530<br>Judge Hon. Ruben Castillo |

---

## MOTION FOR LEAVE TO AMEND THE COMPLAINT

     NOW COMES the Plaintiff, David Kramer, by and through his counsel, STEPHEN M. KOMIE, of the law firm, KOMIE AND ASSOCIATES, and pursuant to Federal Rule of Civil Procedure 15(a) moves to amend the Complaint as a matter of course. In support thereof, states as follows:

1. That Federal Rule of Civil Procedure 15(a) provides, in pertinent part, "(a) Amendments Before Trial. The court should freely give leave when justice so requires."

2. That this is the first amendment of the pending complaint before this Court.

3. That in the time preceding and at the time the complaint was filed, Stephen Komie was on trial in the United State District Court for the Northern District of Illinois, Eastern Division, Case No. 04 CR 372, United States v. Michael A. Vallone. This trial commenced in February 2008 and recently reached a verdict.

4. That as such, Mr. Komie was unable to draft the complaint in the case at Bench, said complaint being prepared and filed in his absence.

5. That recently Plaintiff has received letters from counsel pointing out their concerns and objections. Plaintiff is seeking to amend the complaint to meet the concerns and objections raised in letters received from defendants' attorneys and their now pending motions.

6. That it is in the interest of judicial economy to allow Plaintiff to amend its complaint at this juncture. A denial of Plaintiff's motion would force the parties to brief issues which can be resolved through an amendment and would further cause undue delay by forcing parties to engage in unnecessary briefing. The result of which would be wasted time.

7. That the interests of justice allow Plaintiff an opportunity to cure any legal deficiencies in the complaint brought to Plaintiff's attention. In addition, Plaintiff is evaluating dismissal of claims or parties based upon the communications received from Defendants' counsel. Therefore, a real economy may be achieved by allowing Plaintiff to amend the complaint.

8. That counsel has spoken with counsel for Pugi Kia, LLC, D&M Auto Saes, Inc., Dominic Pugliani, Larry Hall, Anthony Colando, Sr., Dominic Mancini and Kia Motors America, Inc. all of which have agreed to evaluate the Plaintiff's request to file an amended complaint.

9. That counsel has spoken with counsel for VW Credit and Steven Stelter, who both have objections to Plaintiff's request to file an amended complaint.

10. That Plaintiff was unable to reach all remaining counsel to obtain their consent.

11. That the Supreme Court has held, "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Furthermore, under *Foman*, the Court determined "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. . . [unless there is] undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." Id.

12. That in order to defeat a motion for leave to amend, the non-moving party bears the burden of showing undue prejudice as a result of the proposed amendment. *Foman v. Davis,* 371 U.S. 178, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). In the absence of entirely new and separate claims or the addition of new parties, the Defendant must make a specific showing of prejudice to defeat the liberal amendment policy embodied by Rule 15. *Xerox Financial Services Life Insurance Co. v. Salomon Brothers, Inc.,* 1993 WL 78721, *1 (N.D.Ill.1993).

13. That defendants will not be prejudiced by Plaintiff amending its complaint. However, in the event this motion is denied, Plaintiff will suffer undue prejudice.

WHEREFORE, for the foregoing reasons, the Plaintiff, David Kramer, prays this Honorable Court to grant his Motion for Leave to Amend the Complaint.

        Respectfully submitted,

        David Kramer, Plaintiff,
        By and through his attorneys
        KOMIE AND ASSOCIATES


By:    /s/ Stephen M. Komie
        Stephen M. Komie