MHN

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID KRAMER, Individually, and as the President and Sole Owner of CERTIFIED CAR SALES, LLC, a Missouri Limited Liability Company,<br><br>   Plaintiff,<br><br>v.<br><br>SHERIFF'S DEPUTY STEVEN STELTER, Individually and as a Deputy of the DuPage County Sheriff's Office; JOHN P. CREEDON, Individually and as Director of the Tri-County Auto Theft Unit; MICHAEL J. COLANDO, deceased, Individually and as a member of PUGI KIA, LLC and as the President and sole owner of D & M AUTO SALES, INC.; DOMINIC L. PUGLIANI, Individually and as a member of PUGI KIA, LLC; LARRY M. HALL, Individually and as a Manager of PUGI KIA, LLC; ANTHONY J. COLANDO, Jr., Individually and as a Manager of PUGI KIA, LLC; ANTHONY J. COLANDO, Sr., not individually but as named executor in his capacity as executor of the estate of MICHAEL J. COLANDO, deceased; DOMINIC MANCINI, Individually and as an attorney; PUGI KIA, LLC; D & M AUTO SALES, INC.; KIA MOTORS AMERICA, INC.; VW CREDIT, INC.,<br><br>   Defendants. | No. 08 C 2530<br><br>Judge Ruben Castillo |

## MEMORANDUM OPINION AND ORDER

David Kramer ("Kramer") brings this action against various defendants alleging claims of mail and wire fraud under 18 U.S.C. §§ 1341, 1343, violations of the Civil Rights Act, 42 U.S.C. § 1983, and Racketeer Influenced and Corrupt Practices Act, § 18 U.S.C. 1961-68 ("RICO"),

along with state law claims for breach of contract, conversion, fraudulent misrepresentation, tortuous interference with business expectancy and promissory estoppel. (R. 1, Verified Compl.) Currently before the court are three motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), based on res judicata filed by Defendant Steven Stelter ("Stelter") (R. 35); Defendants Pugi Kia, LLC ("Pugi Kia"), Larry M. Hall and Dominic Mancini (collectively "Pugi Defendants") (R. 42); and Defendant John P. Creedon ("Creedon") (R. 67).[1] For the reasons stated below, the motions to dismiss based on res judicata are granted as to Creedon and Stelter, but denied as to the remaining defendants.

## RELEVANT FACTS

In September 2005, Kramer, through his business Certified Auto Sales, LLC ("Certified"), began taking actions to purchase the automobile dealership Pugi Kia and started placing cars on Pugi Kia's lot for sale to the public on consignment. (R. 1, Verified Compl. ¶¶ 20-22, 25, 55-56.) During his valuation of the company, Kramer alleges that certain defendants fraudulently inflated the assets of the dealership. (*Id.* ¶¶ 30-40.) Kramer further alleges that between December 2005 and January 2006, three of the cars he placed on Pugi Kia's lot were sold, but that the proceeds were never remitted to him.[2] (*Id.* ¶¶ 72-75, 84-86, 96-99.)

On May 4, 2006, "fearing further loss," after recognizing the "frauds" perpetuated by

---

[1] Defendants Anthony J. Colando, Sr. and D & M Auto Sales, Inc. (collectively "D & M Defendants") filed a motion to dismiss on other grounds. (R. 37, Mot. to Dismiss.) Pugi Defendants, however, "contend that this action should be dismissed against all Defendants based on res judicata." (R. 42, Mot. to Dismiss.) The Court, therefore, considers whether this action should be dismissed based on res judicata as to all defendants.

[2] Kramer also alleges that he purchased a 2004 Kia with capital from his own account in Pugi Kia's name and was not reimbursed once this car was purchased. (*Id.* ¶¶ 111-115.)

2

certain defendants, Kramer "repossessed" a 2005 Kia Sorrento that had been placed on Pugi Kia's lot, and "presented it to the Greater Chicago Auto Auction for sale." (*Id.* ¶¶ 57-60.) Certain defendants from Pugi Kia reported the 2005 Kia Sorrento stolen. (*Id.* ¶ 61.) Creedon, then Director of the Tri-County Auto Theft Unit, arrived at the auto auction to investigate. (*Id.* ¶ 63.) Kramer alleges that Creedon "demanded that [he] surrender title to the 2005 Kia [Sorrento]." (*Id.*) Kramer allegedly obliged and gave Creedon the original title to the 2005 Kia Sorrento as well as the original titles to his three other vehicles that were sold on Pugi Kia's lot, believing that Creedon would make copies and return the originals. (*Id.* ¶¶ 64, 78, 90, 102.) Instead, however, Kramer alleges that Stelter, a DuPage County Sheriff's Deputy, discussed the matter with certain defendants at Pugi Kia and returned photocopies of the titles to Kramer, "unlawfully" leaving the originals with Pugi Kia. (*Id.* ¶¶ 66-67, 79-80, 91-92, 103-104.) Subsequently, to perfect title to the vehicles, Kramer alleges that certain defendants "forged or caused to be forged" his signature to show that he had assigned the vehicles to Pugi Kia. (*Id.* ¶¶ 70, 82, 94, 106.) They then "mailed this fraudulent assignment to the Secretary of State of Illinois for delivery in the Northern District of Illinois," thus depriving Kramer of his interests in the vehicles. (*Id.* ¶¶ 70, 83, 95, 107.)

## PROCEDURAL HISTORY

On November 13, 2006, Certified filed a five count complaint in this Court against Defendants John E. Zaruba ("Zaruba"), Sheriff of DuPage County Illinois; Stelter; Creedon; Pugi Kia; Dominic L. Pugliani ("Pugliani"); and Michael Colando ("Colando"). (R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. A, Compl.) The complaint alleged violations of section 1983, conversion, and breach of contract, and sought an accounting and a piercing of the corporate veil.

3

(*Id.*) On January 23, 2007, Pugi Kia, Pugliani and Colando filed a motion to dismiss based on lack of diversity jurisdiction. (*Id.*, Ex. B, Pugi Kia's Mot. to Dismiss.) Zaruba and Stelter also filed a motion to dismiss the section 1983 action. (*Id.* ¶ 3.) On January 30, 2007, this Court granted defendants' motions to dismiss. (*Id.*, Ex. C, 1/30/2007 Minute Order.) The claims against Zaruba were dismissed with prejudice, and the claims against all other defendants were dismissed without prejudice. (*Id.*)

On March 2, 2007, Certified filed an amended complaint solely alleging a section 1983 violation, naming only Stelter and Creedon as defendants. (*Id.*, Ex. D, First Am. Compl.) Similar to what was alleged in the original complaint, the amended complaint alleged that Kramer placed certain vehicles for resale on consignment with Pugi Kia, and that he did not receive the proceeds when the vehicles were sold. (*Id.* ¶¶ 8-9.) The complaint further alleged that Pugi Kia falsely reported a vehicle stolen, and that Creedon and Stelter violated his constitutional rights when they took possession of the vehicle and original titles. (*Id.* ¶¶ 10-12, 17.)

Again, both Stelter and Creedon filed motions to dismiss pursuant to Rule 12(b)(6). (R. 42, [Pugi Defendants] Mot. to Dismiss ¶¶ 6, 8.) All parties consented to a magistrate judge and the case was transferred to Magistrate Judge Keys in accordance with Local Rule 72.1. (*Id.*, Ex. E, 4/04/2007 Minute Order.) On September 14, 2007, Judge Keys granted the motions to dismiss. (*Id.*, Ex. J, Mem. Op. and Order at 11.) On September 17, 2007, Certified's counsel appeared before Judge Keys seeking leave to amend the complaint.[3] Judge Keys denied the

---

[3] Certified's original counsel was granted leave to withdraw on July 9, 2007, and new counsel was granted leave to file an appearance on September 14, 2007. (*Id.* ¶ 13; *Id.* Ex. G, 7/09/2007 Minute Order.)

4

motion to amend the complaint as moot because the motions to dismiss had already been granted; he also informed counsel that he "certainly can file an appeal." (*Id.*, Ex. M, 9/17/2007 Tr. at 13-14.)

On May 2, 2008, Kramer, individually and as the President and Sole Owner of Certified, filed this Verified Complaint. (R. 1, Verified Compl.) The named defendants are the same as those who were originally named in the Certified complaint, with the exception of Zaruba, as well as Larry M. Hall ("Hall"); Anthony J. Colando ("Colando"); Dominic Mancini ("Mancini"); D & M Auto Sales, Inc. ("D & M"); Kia Motors America, Inc. ("Kia Motors"); and V.W. Credit, Inc. ("V.W. Credit"). (*Id.*; R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. D, First Am. Compl.) On July 8, 2008, Stelter filed a motion to dismiss (R. 35), followed by D & M Defendants (R. 37), V.W. Credit (R. 40), Pugi Defendants (R. 42), Kia Motors (R. 45), and Creedon (R. 67). On July 17, 2008, Kramer sought leave to amend his complaint. (R. 50, Mot. for Leave to Amend Compl.) On July 24, 2008, this Court ordered that the response to the motions to dismiss should be limited to the issue of whether res judicata bars the pending complaint. (R. 56, 7/24/2008 Minute Order.) On October 9, 2008, this Court granted Kramer's motion to voluntarily dismiss Kia Motors and V.W. Credit from this action. (R. 76, 10/09/2008 Minute Order.)

## LEGAL STANDARDS

In determining whether to grant a motion to dismiss under Rule 12(b)(6), the Court assumes all well-pleaded allegations in the complaint to be true and draws all inferences in the light most favorable to the plaintiff. *Killingsworth v. HSBC Bank*, 507 F.3d 614, 618 (7th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). To survive a motion to dismiss for failure to state a claim, the complaint must overcome "two clear, easy hurdles": (1) "the

5

complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds on which it rests;" and (2) "its allegations must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the 'speculative level.'" *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008) (emphasis in original).

## ANALYSIS

Under the doctrine of res judicata "a final judgment on the merits rendered by a court of competent jurisdiction acts as a bar to a subsequent suit between the parties involved in the same action." *Highway J Citizens Group v. U.S. Dept. of Transp.*, 456 F.3d 734, 741 (7th Cir. 2006) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). To warrant a dismissal based on res judicata, a defendant must prove three elements: "(1) an identity of the parties or their privies; (2) an identity of the causes of action; and (3) a final judgment on the merits." *Id.* If these elements are proved, "res judicata 'bars not only those issues which were actually decided in a prior suit, but also all issues which could have been raised in that action.'" *Id.* (quoting *Brzostowski v. Laidlaw Waste Sys., Inc.*, 49 F.3d 337, 338 (7th Cir. 1995).[4]

### A. Identity of the Parties

The first issue the Court must address is whether the parties in the present action were either parties in the prior litigation or in privity with a party therein. *Id.* Although the definition of a "party" is simple enough, a definition of "privity" requires more explanation. The Seventh

---

[4] The Court admonishes Plaintiff's counsel for submitting a response without citing any authority other than a recitation of the three elements required for res judicata. (R. 74, Pl.'s Answer to Mots. to Dismiss Based on Res Judicata.) "It is not the obligation of this court to research and construct the legal arguments open to parties, especially when they are represented by counsel." *United States v. Wantuch*, 525 F.3d 505, 516 n.5 (7th Cir. 2008).

6

Circuit has found that "privity" is "a descriptive term for designating those with a sufficiently close identity of interests." *Tice v. Am. Airlines, Inc.*, 162 F.3d 966, 971 (7th Cir. 1998) (quoting *In re L&S Indus., Inc.*, 989 F.2d 929, 932 (7th Cir. 1993)). Therefore, res judicata bars subsequent suits against nonparties, if their interests are closely related to those who were parties to a prior suit. *Tartt v. Nw. Cmty. Hosp.*, 453 F.3d 817, 822-23 (7th Cir. 2006).

In the previous action, Certified was the named plaintiff, while in this case, Kramer is suing "Individually, and as the President and Sole Owner" of Certified. (R. 1, Verified Compl.; R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. D, First Am. Compl.) This slight difference in the designation of the plaintiff, is of little consequence, because Kramer is clearly in privity with Certified. Certified is "wholly-owned" by Kramer and he "conducts his business as Certified." (R. 1, Verified Compl. ¶¶ 5-6.) Limited liability companies ("LLCs") are in privity with their individual owners, particularly, as is the case here, when the owner has exclusive control over the LLC. *See Direct Marketing Concepts v. Trudeau*, 266 F. Supp. 2d 794, 796 (N.D. Ill. 2003) ("In light of [plaintiff's] self-created total control over both [LLCs] . . . it would represent the height of artificiality . . . to view the [LLC's] as anything other than in privity with [plaintiff] as an individual.").

As for the defendants, it is clear that both Stelter and Creedon were parties to this action and the prior suit. Pugi Defendants assert that their identity element is also satisfied because they were named in the first suit. (R. 42, [Pugi Defendants] Mot. to Dismiss at 7.) They further argue that the additional named defendants also satisfy the identity element based on privity, because all were allegedly involved in the same conspiracy and shared a "significant relationship." (*Id.*)

Although Pugi Defendants were originally named in the first suit, the complaint was

7

amended on March 2, 2007, and subsequently named only Creedon and Stelter as defendants. (*Id.*, Ex. D, First Am. Compl.) "When an amended complaint is filed, the prior pleading is withdrawn and the amended pleading is controlling." *Johnson v. Dossey*, 515 F.3d 778, 780 (7th Cir. 2008). Consequently, Pugi Defendants ceased being parties to the action when the amended complaint was filed. *See Collins v. Kibort*, 143 F. 3d 331, 335 (7th Cir. 2008) (concluding that when plaintiff filed an amended complaint that did not name a particular defendant, that defendant ceased being a party to the litigation). Furthermore, Pugi Defendants and the additional named defendants do not have privity, or a "sufficiently close identity of interests," with either Creedon or Stelter.[5] *Tice*, 162 F.3d at 971. To avoid due process problems, privity requires a functional analysis, focused on "whether the earlier parties were in some sense proper agents for the later parties." *Id.* Moreover, "the claims or defenses of the two allegedly equivalent parties (earlier litigant, present litigant) must be the same." *Id.* at 973.

The interests of the Pugi Defendants are not sufficiently aligned with Creedon or Stelter for there to be privity. The Certified suit only alleged that Creedon and Stelter violated Certified's constitutional rights under 42 U.S.C. § 1983. (R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. D, First Am. Compl.) To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that a government official, acting under color of state law, deprived him of a constitutional right. *Christensen v. County of Boone, Ill.*, 483 F.3d 454, 459 (7th Cir. 2007). There could be no

---

[5] Pugi Defendants argue, and the Court agrees, that they are in privity with the additional named defendants; however, they cite no authority to make the necessary conclusion that they are also in privity with either Creedon or Stelter. In *Whitmer v. John Hancock Mutual Life Insurance Co.*, No. 91C3067, 1993 U.S. Dist. LEXIS 7163, at *20 (N.D. Ill. May 27, 1993), the case cited by Pugi Defendants, not only were all of the defendants allegedly involved in the same conspiracy, there was also privity. ("All [defendants] were either subsidiaries of previous defendants or employees or agents of previous defendants.")

8

section 1983 claim against the Pugi Defendants or the additional named defendants since clearly none are government officials. Furthermore, Stelter and Creedon argued, and Judge Keys agreed, that the facts, as pled, show that the officers had probable cause to act and that Kramer voluntarily gave them the titles to the vehicles. (*Id.*, Ex. J, Mem. Op. and Order at 3, 6, 9.) Pugi Defendants certainly could not rely on these arguments made by the officers, and would have to raise a different defense than what was raised in the Certified suit.

The doctrine of res judicata is concerned with preventing inconsistent decisions. *Alvear-Velez v. Mukasey*, 540 F.3d 672 (7th Cir. 2008). A decision in this case with regard to Pugi Defendants would not be inconsistent with Judge Key's prior decision that Creedon and Stelter did not violate Certified's constitutional rights. The claims and defenses of the earlier litigants are not the same as those in this litigation; Pugi Defendants are not in privity with Creedon or Stelter. Accordingly, Pugi Defendants, motion to dismiss asserting the applicability of res judicata for all defendants is denied.[6]

### B.   Identity of the Causes of Action

The Court will now determine if the additional elements of res judicata have been satisfied as to Stelter and Creedon. The second requirement is an identity of the causes of action. *Highway J Citizens Group*, 456 F.3d at 741. "[T]wo claims are one for purposes of res judicata if they are based on the same, or nearly the same, factual allegations." *Manicki v. Zeilmann*, 443 F.3d 922, 925 (7th Cir. 2006) (quoting *Hermann v. Cencom Cable Associates, Inc.*, 999 F.2d 223, 226 (7th Cir. 1993). In both the present and previous action, the allegations against Creedon and Stelter

---

[6] The Court will not address the other bases Pugi Defendants presented in their motion to dismiss, as these issues have yet to be fully briefed. (R. 42, [Pugi Defendants] Mot. to Dismiss.)

arise from the events of May 4, 2006, when the officers investigated the theft report filed after Kramer "repossessed" the 2005 Kia Sorrento. (R. 1, Verified Compl., ¶¶ 60-67; R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. D, First Am. Compl. ¶¶ 9-16.) In addition to the constitutional claims Kramer raised in both actions, Kramer presently alleges claims for conversion and conspiracy against Creedon and Stelter. (R. 1, Verified Compl. ¶¶ 225-242, 403, 436, 469; R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. D, First Am. Compl. ¶ 17.) These new claims, however, are based on the same factual allegations as the first suit. As previously stated, if the claims arise from the same factual allegations, res judicata bars not only those issues which were actually decided in a prior suit, but also all issues which *could* have been raised in that action. *Highway J Citizens Group*, 456 F.3d at 741. Accordingly, there is identity between the causes of action as to Creedon and Stelter, and the second element is satisfied.

### C. Final Judgment on the Merits

The final issue this Court must determine is whether a final judgment on the merits was rendered in the Certified suit. *Highway J Citizens Group*, 456 F.3d at 741. A dismissal under Rule 12(b)(6) becomes a final judgment on the merits for res judicata purposes when plaintiff fails to appeal. *See Tartt*, 453 F.3d at 822. On September 14, 2007, Judge Keys issued a "Memorandum Opinion and Order" granting Stelter and Creedon's motions to dismiss pursuant to Rule 12(b)(6). (R. 42, [Pugi Defendants] Mot. to Dismiss, Ex. J, Mem. Op. and Order.) Furthermore, in open court on September 17, 2007, Judge Keys denied Certified's motion to file a Second Amended Complaint, as the case had already been dismissed. (*Id.*, Ex. M, 9/17/2007 Tr. at 13-14.) He advised Certified's counsel that he "certainly can file an appeal." (*Id.* at 13.) Certified failed to appeal the decision, thus the dismissal became a final judgment on the merits,

10

satisfying the third element necessary for res judicata.

## CONCLUSION

For the reasons stated above, Creedon and Stelter's motions to dismiss, (R. 35, R. 67), are GRANTED. Pugi Defendants motion to dismiss (R. 42) with regard to the res judicata issue is DENIED. Kramer's motion to file an amended complaint (R. 50) is GRANTED only to the extent that the Court will permit an amended complaint to be filed which is consistent with this opinion and does not attempt to add new parties or claims. D & M Defendants' motion to dismiss (R. 37) and the grounds for dismissal, other than res judicata, presented in Pugi Defendants motion to dismiss (R. 42) are DENIED as moot, but may be refiled once Kramer amends his complaint.

The parties are directed to reevaluate their settlement positions in light of this opinion and to exhaust all efforts to settle this case. The parties shall appear for a status on December 18, 2008 at 9:45 a.m.

Date: November 25, 2008        ENTERED: _____
                                        Ruben Castillo
                                        United States District Judge